ELIZABETH S. SALTER, *Administratrix, etc., Respondent, v.* THE
BLACK RIVER AND UTICA RAILROAD COMPANY, *Appellant.* —
Judgment and order affirmed. The testimony on the part of the
plaintiff, tending to show negligence on the part of the defend-
ant and freedom from negligence on the part of the deceased, is
substantially as it was on the former appeal, when this court held
that there was sufficient evidence upon those points to require
a submission of the case to the jury. The exception to the
instruction that it was for the jury to say whether or not this
was a case in which the speed of the train constituted negligence
on the part of the defendant, was not well taken. The speed of
the train at the time and place of the collision and under the
circumstances, was proper for the jury to consider. (45 N. Y.,
846; 64 id., 524; 70 id., 119, 124.)

THE HOMESTEAD FIRE INSURANCE COMPANY, *Appellant, v.* JOHN
B. HAGERTY, *Respondent.* — Judgment reversed and new trial
ordered, costs to abide event. *Held,* that the complaint does not
allege fraud; the facts and circumstances averred raised an
implied assumpsit on the part of the defendant, and the action
is on contract, and not for a tort.

HENRY B. ALDRICH, *Respondent, v.* ELIZABETH SHEPARDSON and
another, *Administrators, etc., Appellants.* — Judgment affirmed.
*Held,* that it was necessary for the constable (the defenants' intes-
tate) to show a valid attachment to make out a defense (5 Hill,
194; 6 id., 311); that the affidavits on which the attachment was
issued were insufficient to confer jurisdiction upon the justice,
and that consequently the constable was not in a position to ques-
tion the good faith of the plaintiff's mortgage. HARDIN, J., not
participating in the decision.

WILLIAM CARNEY, *Appellant, v.* ANNA MERRICK, *Administratrix,
etc., Respondent.* — Judgment of County Court reversed, and
that of the justice affirmed. *Held,* that the case turned upon
questions of fact, in regard to which the testimony was conflict-
ing, and the judgment of the justice was conclusive.